**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| IOU CENTRAL, INC. d/b/a | ) | |
| IOU FINANCIAL, INC. | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | CIVIL ACTION FILE NO. |
| v. | ) | 1:20-CV-04270-MHC |
| | ) | |
| PREMIER METALS | ) | |
| RECOVERY LLC, | ) | |
| DAVID RAY PACE | ) | |
| LYNN RAWL PACE | ) | |
| | ) | |
|     Defendants. | ) | |
| | ) | |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(2)

COME NOW Defendants Premier Metals Recovery, LLC, David Ray Pace, and Lynn Rawl Pace (collectively the "Defendants"), by and through their undersigned counsel, and file this Memorandum of Law in Support of their Motion to Dismiss for Lack of Personal Jurisdiction and state as follows:

## I.    INTRODUCTION.

Before this Court is a markedly similar matter to that recently decided by this Court on October 8, 2020 in the case of *IOU Central, Inc. v. Big State Tire and Axle, Inc., Big State Supply, LLC, R&S Properties of Kansas, LLC, Roy Lee*

*Ebarb, and Melissa Kay Ebarb* (20-cv-00200-MHC)("Big State Tire"). When looking at both this case and Big State Tire, certain disturbing trends appear with regard to Plaintiff IOU Central, Inc. d/b/a IOU Financial, Inc.'s (the "Lender") proclivity for asserting baseless accusations and claiming jurisdiction where none exists. Here, as in Big State Tire, the underlying matter is a basic contract dispute involving a commercial loan and personal guaranty. The Lender sent a solicitation for a commercial loan to Defendant Premier Metals Recovery, LLC ("PMR"), and said defendant completed a loan application. PMR eventually executed a loan agreement (the "Loan"), which was personally guaranteed by Defendant David Ray Pace (the "D. Pace"). In a completely improper attempt to exert pressure on PMR, the Lender asserts a myriad of claims, including fraud, against Defendant Lynn Pace ("L. Pace"), who did not sign any of the loan documents, is not a guaranty, and received no funds from the Lender.

As in Big State Tire, the Defendants lack any of the connections with the State of Georgia necessary to subject them to jurisdiction by this Court. The Defendants are North Carolina residents, they own no real or personal property in the State of Georgia, the loan documents were all executed electronically, and the loan payments were made by ACH transfer from PMR's bank account. While the Lender claims that the loan documents provide a basis for jurisdiction against PMR and D. Pace, said documents were not attached to the Lender's complaint, and when requested by the Defendants' legal counsel, the Lender stated that it

would only provide the loan documents prior to discovery if the Defendants agreed to use them for settlement purposes only. In reality, the Lender's entire jurisdictional argument rests upon the single fact that its principal place of business is in Cobb County, Georgia.

As discussed more fully below, this Court should dismiss the instant litigation for lack of personal jurisdiction over the Defendants because the Georgia Long Arm Statute does not provide for personal jurisdiction, and even if it did, extending jurisdiction over the Defendants would violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

## II.    FACTUAL BACKGROUND:

PMR is a North Carolina limited liability company organized in 2009, which is in the business of purchasing precious metals from jewelers and selling them to commercial smelters. *Declaration of David Ray Pace*, ¶¶ 7-8. PMR's only member is D. Pace, and it has never had any other members. *Declaration of David Ray Pace*, ¶9. PMR does not own any real or personal property in the State of Georgia. *Declaration of David Ray Pace*, ¶13. PMR has never had a Georgia office, and the extent of its business connections with he State of Georgia amounts to previously providing services to a few clients in the Savannah area, who represented a small fraction of PMR's overall revenue. *Declaration of David Ray Pace*, ¶11.

D. Pace and L. Pace are North Carolina residents. *Declaration of David*

*Ray Pace*, ¶5; *Declaration of Lynn Rawl Pace*, ¶¶5-6.  D. Pace has not resided in the State of Georgia since 1987.  *Declaration of David Ray Pace* ¶6.  L. Pace has never resided in Georgia.  *Declaration of Lynn Rawl Pace*, ¶5.  Neither D. Pace nor L. Pace own any real or personal property located in the State of Georgia. *Declaration of David Ray Pace*, ¶13; *Declaration of Lynn Rawl Pace*, ¶8. Further, neither D. Pace nor L. Pace have personally transacted business in the State of Georgia. *Declaration of David Ray Pace*, ¶¶12; *Declaration of Lynn Rawl Pace*, ¶9.

Over the last few years, the Lender occasionally solicitated PMR regarding commercial loan opportunities.  *Declaration of David Ray Pace*, ¶14.  On several occasions, PMR accepted the solicitations and submitted online loan applications, resulting in loans to PMR.  *Id.*  All but one of these loans have been repaid in full. *Id.*  In June 2020, PMR suffered a serious financial loss from a theft (the "Theft"), which also resulted in D. Pace suffering personal injuries and requiring hospitalization.  *Declaration of David Ray Pace*, ¶15.  Subsequently, PMR received a commercial loan solicitation from Plaintiff, and PMR submitted a loan application to the Lender on or about July 16, 2020.  *Declaration of David Ray Pace*, ¶16.  Following approval of its loan application, PMR executed certain electronic loan documentation prepared by the Lender, (the "Loan") and D. Pace executed an electronic personal guaranty (the "Guaranty").  *Id*.  Neither PMR nor L. Pace have a copy of the Loan and/or Guaranty documentation.  *Declaration of*

4

*David Ray Pace*, ¶17.  When the Defendants' legal counsel asked the Lender's legal counsel for a copy of the Loan and Guaranty, the Lender's legal counsel stated that the Lender would not produce it prior to discovery unless Defendants agreed the documentation would only be used for settlement purposes. *Declaration of Andrew J. Becker*, ¶5.

The proceeds of the Loan were used in part to satisfy a prior loan obligation to the Plaintiff.  *Declaration of David Ray Pace*, ¶19.  L. Pace did not receive any of the Loan proceeds, nor did she even have any access to said  funds. *Declaration of David Ray Pace*, ¶23.  Moreover, L. Pace did not direct any actions or decisions regarding the Loan and/or Guaranty.  *Declaration of David Ray Pace*, ¶22.  Through ACH transfers, PMR made approximately ten (10) weekly payments to the Plaintiff under the Loan.  *Declaration of David Ray Pace*, ¶20.  The ACH transfers were initiated by the Plaintiff and withdrawn from PMR's North Carolina bank account.  *Id*.  Neither PMR, D. Pace, nor L. Pace ever visited Georgia in connection with the Loan, physically executed any documents in Georgia in connection with the Loan, or had any other contacts with the State of Georgia related in any way to the Loan and/or the proceeds provided therefrom.  *Declaration of David Ray Pace*, ¶21; .  *Declaration of Lynn Rawl Pace*, ¶10.

On October 16, 2020, the Lender filed the above-styled civil action against PMR, D. Pace, and L. Pace (the "Complaint").  In the Complaint, the Lender

asserts numerous ex contracto and ex delicto causes of action against the Defendants.

## III.  ARGUMENT AND CITATION OF AUTHORITY:

### A. <u>THIS COURT LACKS PERSONAL JURISDICTION OVER ALL OF THE DEFENDANTS.</u>

The Federal District Court for the Northern District of Georgia lacks personal jurisdiction over the Defendants because personal jurisdiction is not appropriate under the Georgia long arm statute, and even if it were, it would still violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution. [1]

 "A plaintiff seeking the exercise of personal jurisdiction over a nonresident defendant bears the initial burden of alleging in the complaint sufficient facts to make out a prima facie case of jurisdiction." *Diamond Crystal Brands, Inc. v. Food Movers Intern., Inc.,* 593 F.3d 1249, 1257 (11th 2010). "When a defendant raises through affidavits, documents or testimony a meritorious challenge to personal jurisdiction, the burden shifts to the plaintiff to prove jurisdiction by affidavits, testimony or documents." *Sculptchair, Inc. v.*

---

[1]     Defendants received permission from the attorney representing the defendants in the Big State Tire case to use certain sections of his brief setting for the relevant case law.

*Century Arts, Ltd.,* 94 F.3d 623, 627 (11th Cir. 1996). "A federal court sitting in diversity undertakes a two-step inquiry in determining whether personal jurisdiction exists: the exercise of jurisdiction must (1) be appropriate under the [Georgia] long-arm statute and (2) not violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution." *Diamond Crystal,* 593 F.3d at 1257-58 (quotation omitted). The Georgia long-arm statute, O.C.G.A. § 9-10-91, "imposes independent obligations that a plaintiff must establish for the exercise of personal jurisdiction that are distinct from the demands of procedural due process." *Id.* at 1259. "Courts must apply the specific limitations and requirements of O.C.G.A. § 9-10-91 literally and must engage in a statutory examination that is independent of, and distinct from, the constitutional analysis to ensure that both, separate prongs of the jurisdictional inquiry are satisfied." *Id.* at 1263. The Court must judge the contacts of all of the Defendants separately. Even if there were jurisdiction over PMR and L. Pace, that does not mean there is jurisdiction over L. Pace. *Calder v. Jones,* 465 U.S. 783, 790 (1984).

1. THERE IS NO PERSONAL JURISDICTION UNDER THE LONG-ARM STATUTE.

Personal jurisdiction over non-residents in Georgia is primarily governed by the Georgia long-arm statute, which is codified at O.C.G.A. § 9-10-91. The reach of the Georgia long-arm statute in Federal Court is a question of Georgia law, and as such, the federal courts are required to construe it as would the

Georgia Supreme Court. *Madara v. Hall,* 916 F.2d 1510, 1514 (11th Cir. 1990).

O.C.G.A. § 9-10-91 provides, in pertinent part, that a Georgia court may exercise personal jurisdiction over a party residing in another state if said party:

    (1) Transact any business within this state;

    (2) Commit a tortious act or omission within this state, except as to a cause of action for defamation of character arising from the act;

    (3) Commit a tortious injury in this state caused by an act or omission outside this state if the tortfeasor regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state;

    (4) Owns, uses, or possesses any real property situated within this state;

    (5) With respect to proceedings for divorce, separate maintenance, annulment, or other domestic relations action or with respect to an independent action for support of dependents, maintains a matrimonial domicile in this state at the time of the commencement of this action or if the defendant resided in this state preceding the commencement of the action, whether cohabiting during that time or not. This paragraph shall not change the residency requirement for filing an action for divorce; or

    (6) Has been subject to the exercise of jurisdiction of a court of this state which has resulted in an order of alimony, child custody, child support, equitable apportionment of debt, or equitable division of property if the action involves modification of such order and the moving party resides in this state or if the action involves enforcement of such order notwithstanding the domicile of the moving party.

The only subparts of O.C.G.A. § 9-10-91 that apply to the fact pattern asserted by Lender are subparts (1) through (3) since this action does not relate to real property owned by the Defendants in the State of Georgia, nor does it relate to

divorce, alimony, or child support/custody matter. None of the applicable subparts provide personal jurisdiction over the Defendants by this Court.

> i. THE DEFENDANTS DID NOT TRANSACT BUSINESS IN THE STATE OF GEORGIA.

Personal jurisdiction over a non-resident is proper under O.C.G.A. § 9-10-91(1) when the plaintiff's cause of action arises out of the non-resident's business activities within Georgia. *Diamond Crystal*, 593 F.3d at 1264; *Aero Toy Store, LLC v. Grieves*, 279 Ga. App. 515, 631 (2006). Analyzing whether a non-resident's business activities allow personal jurisdiction in Georgia involves a three step test: (1) the nonresident defendant must purposefully do, act or consummate some transaction in Georgia, (2) the plaintiff's cause of action arises from or is connected with the act or transaction, and (3) the exercise of jurisdiction does not offend traditional fairness and substantial justice. *Aero Toy*, 279 Ga. App. at 517-18. The fact that a non-resident defendant transacts business in Georgia is immaterial to the analysis if the business transacted is unrelated to the plaintiff's cause of action. *Aero Toy*, 279 Ga. App. at 517-18; *Diamond Crystal*, 593 F.3d at 1264; *Peterson v. HVM L.L.C.*, 2014 U.S. Dist. LEXIS 21715 (Federal District Court for the Northern District of Georgia, February 21, 2014)("Although Defendants certainly do transact business in Georgia by operating hotels in this state, Plaintiff does not allege that her breach of contract claim arose from Defendants' activities here, as required under the statute.").

A court must "examine all of a nonresident's tangible and intangible conduct and ask whether it can fairly be said that the nonresident has transacted any business within Georgia." *Diamond Crystal*, 593 F.3d at 1264. The mere fact that a non-resident defendant calls a business in Georgia to place an order for materials does not subject the non-resident defendant to personal jurisdiction in the State of Georgia without some further business contact with Georgia. *Graphic Mach., Inc. v. H. M. S. Direct Mail Serv., Inc.*, 158 Ga. App. 599, 600 (1981). The 11th Circuit Court of Appeals held in *LabMD, Inc. v. Tiversa, Inc.* that a non-resident's use of a computer outside the State of Georgia to interact with an individual or entity in the State of Georgia did not constitute conduct in Georgia, but conduct in the state where the non-resident used the computer. 509 F. App'x 842, 844-45 (11th Cir. 2013). Additionally, the sending checks or other instruments of payment do not subject a non-resident to jurisdiction in the State of Georgia. *First United Bank v. First Nat'l Bank*, 255 Ga. 505, 507-08 (1986).

In the case *sub judice*, the Lender's jurisdictional position is set forth in Paragraph 5 of the Complaint, which states in relevant part:

> Defendants who transact business activities in Georgia, personally or through Debtor, repeatedly borrowing money from IOU in Georgia with their present Loan plus other loans on an annual basis from 2018 to 2020, performance of which is due in Georgia, consented to Georgia jurisdiction and venue per the terms of the Loans, from which they derive revenue, who intended to injure IOU in Georgia, where they are subject to liability.

The Lender's foundation for its claim that the Defendants transacted business in the State of Georgia is set forth in Paragraphs 7, 8, 12 and 16 where the Lender states that: (1) PMR and D. Pace executed the Loan and Guaranty at the Lender's Georgia office website; (2) PMR executed a debit agreement for automatic payments to the Lender's Georgia account; and (3) the Loan and Guaranty provide for jurisdiction in the State of Georgia. The Lender does not contend that L. Pace signed the Loan, the Guaranty, or any other loan documents.

The doctrine of *stare decisis* compels the application of precedence set forth in *Graphic Mach., Inc.* and *LabMD, Inc.*, which, when read together, hold that the execution of loan documentation on a computer located in another state does not subject the non-resident to jurisdiction in the State of Georgia. *Graphic Mach., Inc.* 158 Ga. App. at 600; 509 F. App'x 842 at 844-45. Thus, PMR and D. Pace's execution of the Loan and Guaranty provide no basis to support a claim of personal jurisdiction over the Defendants. Likewise, the transmission of Loan proceeds and subsequent ACH payments do not confer personal jurisdiction *First United Bank*, 255 Ga. at 507-08. Even if PRM sent funds to the Lender's office in Georgia, by check or wire, this would still not create a sufficient connection between PRM and the State of Georgia to subject the non-resident to jurisdiction in Georgia. *Id.*

The Lender's other argument, that the Loan and Guaranty include forum selection clauses providing for personal jurisdiction in this Court, is wholly

without merit. First, the Lender completely failed to attach copies of the Loan and Guaranty to its complaint, and refused to provide them to the Defendants unless they agreed that they would use the documents for "settlement purposes only." As Defendants lack copies of the Loan and/or Guaranty, and have no recollection of such terms in said documents, the Defendants deny the Lender's allegation that either contain a forum selection clause. A plaintiff asserting that a Court has jurisdiction over a non-resident must make a *prima facia* case for jurisdiction. By failing to include copies of the contracts referenced in the Complaint, and refusing to produce them except for use for settlement purposes only, Lender has failed to make even a prima facia case that the terms of the Loan and/or Guaranty subject the Defendants to jurisdiction in the State of Georgia.

Furthermore, and assuming *arguendo* the Loan and Guaranty executed here are the same basic forms as used in Big State Tire, these documents do not provide a proper basis to confer personal jurisdiction by this Court over the Defendants. To the extent applicable, the Defendants incorporate by reference the legal authority cited by this Court in the Big State Tire case, in particular, this Court's order of October 8, 2020, wherein this Court dismissed the Lender's claims for lack of personal jurisdiction of the named defendants.

As set forth above, this Court does not have personal jurisdiction over the Defendants as: (1) the Defendants did not transact business in the State of Georgia; and (2) the Lender failed to make a *prima facia* case that the Loan,

Guaranty, or any other documents include proper contractual provisions subjecting the Defendants to jurisdiction in the State of Georgia.

ii. THE DEFENDANTS DID NOT COMMIT ANY TORTIOUS ACTS IN GEORGIA.

The Georgia long arm statute provides for personal jurisdiction over a non-resident pursuant to subsection if the non-resident commits a tortious act within the State of Georgia. O.C.G.A.§ 9-10-91(2). For jurisdiction to exist under sub-section two, the tortious conduct itself must have occurred in Georgia. *Anderson v. Deas,* 279 Ga. App. 892, 893, 632 S.E.2d 682 (2006). For purposes of personal jurisdiction under Georgia's long-arm statute, Georgia courts have ruled that, when a defendant uses the telephone or email to contact a Georgia resident, the defendant's conduct occurs at the place where the defendant speaks into the telephone or types and sends his email. *McHale v. HJGM, Inc.,* 252 Ga.App 641 (2000). The same holds true for use of a computer used by a non-resident in another state. *LabMD, Inc. v. Tiversa, Inc.* 509 F. App'x at 844-45.

The only communications between the Lender, PMR, and D. Pace were by way of telephone and through the internet. *Declaration of David Ray Pace*, ¶18. L. Pace never communicated with the Lender in any form, or at any time. *Declaration of David Ray Pace*, ¶22. Therefore, even if the Defendants committed any torts, which they vehemently deny, there would still be no jurisdiction in Georgia based on O.C.G.A.§ 9-10-91(2).

### iii. THE DEFENDANTS DID NOT INJURE THE LENDER IN THE STATE OF GEORGIA.

The final applicable subsection in O.C.G.A.§ 9-10-91 allows for the exercise of jurisdiction over an out-of-state defendant for an injury caused to a plaintiff in the state of Georgia by acts committed outside the state if, and only if, "the tort-feasor regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state." O.C.G.A. § 9-10-91(3). This sub-section requires "regular," "persistent," or "substantial" contact with Georgia. *See Anderson v. Deas,* 279 Ga. App. 892, 892, 632 S.E.2d 682, 683 (2006).

Neither D. Pace nor L Pace conduct any business or derive substantial revenue from goods used or consumed or services rendered in the State of Georgia. *Declaration of David Ray Pace*, ¶12; *Declaration of Lynn Rawl Pace*, ¶9. Although PMR transacted business in Savannah from time-to-time, this business represented only a fraction of PMR's overall revenue. *Declaration of David Ray Pace*, ¶¶10-11. PMR never opened an office or had any other more permanent connection with the State of Georgia. *Id.*

### 2. JURISDICTION BY THIS COURT OVER THE DEFENDANTS DOES NOT COMPORT WITH ESTABLISHED VIEWS OF DUE PROCESS.

Even assuming *arguendo* that the reach of the Georgia long-arm statute applies to the Defendants, this Court must next engage in a two-part inquiry to

determine whether that reach comports with due process. *Sculptchair,* 94 F.3d at 630. First, the Defendants must have established "minimum contacts" with Georgia. *Id.* Second, the exercise of personal jurisdiction over each of the Defendants must not offend traditional notions of fair play and substantial justice. *Id.; Francosteel Corp. v. M/V Charm,* 19 F.3d 624, 627 (11th Cir. 1994). "The Due Process Clause of the Fourteenth Amendment limits the power of a state court to exert personal jurisdiction over a non-resident defendant," *Asahi Metal Industry Co. v. Superior Court of California,* 480 U.S. 102, 1088 (1987), by protecting "an individual's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful 'contacts, ties or relations.'" *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 471-72 (1985) (citations omitted). Thus, the constitutional touchstone in the determination of whether personal jurisdiction is proper "remains whether the defendant purposefully established 'minimum contacts' in the forum state." *Id.* at 474.

    a. THE DEFENDANTS LACK MINIMUM CONTACTS WITH THE STATE OF GEORGIA.

The "'minimum contacts' analysis looks to the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there." *Walden v. Fiore,* 134 S. Ct. 1115, 1121-22 (2014). So "the plaintiff cannot be the only link between the defendant and the forum." *Id.* "Due process requires that a defendant be haled into court in a forum State based on his own affiliation with

the State, not based on the random, fortuitous, or attenuated contacts he makes by interacting with other persons affiliated with the State." *Id.* at 1123 (internal quotation marks omitted).

The United States Supreme Court requires that a non-resident defendant must have "purposefully availed" himself of the "privilege of conducting activities within the forum state" before personal jurisdiction may be properly exercised. *Hanson v. Denckla,* 357 U.S. 235, 253 (1958); *see also Burger King,* 471 U.S. at 474-75. "This purposeful availment requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts or of the unilateral activity of another party or a third person." *Burger King,* 471 U.S. at 475 (internal quotation omitted).

     i. THIS COURT LACKS SPECIFIC JURSIDICTION OVER THE DEFENDANTS.

The Eleventh Circuit has defined three criteria that must be satisfied in order to find sufficient minimum contacts for purposes of specific jurisdiction, all of which must be present for a court to exercise jurisdiction: (1) the contacts must be related to the plaintiff's cause of action or have given rise to it; and (2) the contacts must involve some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum thereby invoking the benefits and protection of its laws; and (3) the defendant's contacts with the forum must be such that the defendant should reasonably anticipate being haled into

court there.  *Sculptchair,* 94 F.3d at 630; *Vermeulen v. Renault, U.S.A., Inc.,* 985 F.2d 1534, 1545(11th Cir. 1993).

Here, D. Pace and L. Pace lack the necessary minimum contacts with the State of Georgia; in fact, they have no relevant contacts at all since they do not personally conduct any business, own any real property, or own any personal property in said state.  *Declaration of David Ray Pace*, ¶¶11-13; *Declaration of Lynn Rawl Pace,* ¶¶8-9.  While PMR previously conducted some limited business in the State of Georgia, its business activities are not related to the instant litigation.  The few telephone calls and internet transmissions are not enough to create minimum contacts sufficient to satisfy the dictates of due process. *See, e.g., Object Techs. v. Marlabs, Inc.,* 246 Ga. App. 202, 202-203, 540 S.E.2d 216, 217-18 (2000) (minimum contacts lacking in Georgia where resident plaintiff contracted to provide nonresident defendant with a temporary employee in nonresident's state, and nonresident's only tie to Georgia was conducting contract negotiations with resident on the phone or through the internet, mail, or fax); *ETS Payphone v. TK Indus.,* 236 Ga. App. 713, 714-715, 513 S.E.2d 257, 258-59 (1999) (minimum contacts lacking in Georgia where Georgia corporation negotiated contract with Florida corporation on the telephone or via mail or fax for performance of a contract in New York); *Beverage Mgmt. Solutions v. Yankee Spirits,* 218 Ga. App. 95, 97, 460 S.E.2d 564, 566 (1995) (negotiation and consummation of contract between Georgia corporation and Massachusetts

corporation by telephone, fax, and mail insufficient to give Georgia personal jurisdiction over Massachusetts corporation for breach of contract, where contract performance was to take place in Massachusetts); *Francosteel,* 19 F.3d at 628 (minimum contacts lacking in Georgia where nonresidents contracted outside Georgia for delivery of goods to Georgia port and vessel carrying goods sank in transit).

    ii.    THERE IS NO GENERAL JURSIDICTION OVER THE DEFENDANTS IN THE STATE OF GEORGIA.

A court can exercise general jurisdiction over a non-resident defendant "without offending due process" only "when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Carmouche v. Tamborlee Mgmt., Inc.,* 789 F.3d 1201, 1204 (11th Cir. 2015). The constitutional requirements for general jurisdiction are more stringent than for specific jurisdiction. *Exter Shipping, Ltd. v. Kilakos*, 310 F. Supp. 2d 1301, 1312 (N.D. Ga. 2004). Occasional business trips are insufficient to subject a non-resident to general jurisdiction. *E.g. Helicopteros Nacionales De Colombia v. Hall,* 466 U.S. 408, 409 (1984)(citing to *Rosenberg Bros. & Co. v. Curtis Brown Co.*, 260 U.S. 516, 517-18 (1923)).

D. Pace and L. Pace lack even the most rudimentary connections with the State of Georgia. They don't personally conduct business, own any real property, or own any personal property in the State of Georgia. *Declaration of David Ray*

*Pace*, ¶¶12-13; *Declaration of Lynn Rawl Pace,* ¶¶8-9. PMR's connections with the State of Georgia, while greater than the other Defendants, do not rise to the level necessary to confer general jurisdiction. PMR never had a Georgia office and only conducted business with a few clients in the Savannah area. *Declaration of David Ray Pace*, ¶10. The Lender has completely failed to provide any factual basis showing that PMR has ever had the "continuous and systematic" presence contemplated by the Court in *Carmouche v. Tamborlee Mgmt., Inc.*

    b. JURISDICTION OVER THE DEFENDANTS DOES NOT COMPORT WITH THE IDEAS OF FAIR PLAY AND SUBSTANTIAL JUSTICE.

Even if the Court determines that a defendant has purposefully established minimum contacts with the forum state, the exercise of jurisdiction over that defendant is only proper if it would otherwise comport with "fair play and substantial justice." *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 320 (1945). The requirement of fair play informs the Court's analysis of what constitutes minimum contacts sufficient to confer jurisdiction. Where factors supporting fair play are absent, a court may not assert personal jurisdiction even if the defendant's contacts with the forum are several. *Id.* Moreover, even if a defendant has purposefully engaged in activities in the forum, minimum requirements of fair play and substantial justice may defeat the reasonableness of asserting personal jurisdiction. *Robinson v. Giarmarco & Bill, P.C.,* 74 F.3d 253, 259 (11th Cir. 1996). In order to make this determination, this Court must consider relevant

factors including "the burden on the defendant in defending the lawsuit, the forum state's interest in adjudicating the dispute, the plaintiff's interest in obtaining convenient and effective relief, the interstate judicial system's interest in obtaining the most efficient resolution of controversies and the shared interest of the states in furthering fundamental substantial social policies." *Madara,* 916 F.2d at 1517 (citing *Burger King,* 471 U.S. at 477).

An examination of these factors leads to the conclusion that an assumption of jurisdiction in this case would offend traditional notions of fair play and substantial justice. The Defendants do not live and PMR does not have an office in the State of Georgia, imposing a significant burden on them to defend against a lawsuit pending in the Federal District Court for the Northern District of Georgia. *See Imageline, Inc. v. Fotolia, LLC,* 663 F. Supp. 2d 1367, 1379 (N.D. Ga. 2009) (finding that a Delaware corporation headquartered in New York would face a substantial burden if forced to defend itself in Georgia). The costs, time, and effort associated with the Defendants defending a lawsuit in Georgia are significant. *Declaration of David Ray Pace*, ¶24; *Declaration of Lynn Rawl Pace,* ¶12. The State of Georgia has little discernable interest in adjudicating these claims against the Defendants. Although Georgia has an interest in redressing alleged harms suffered by its citizens, that interest is less significant when the alleged conduct has no real connection to Georgia, and the plaintiff's basis for bringing suit in Georgia is that it allegedly suffered harm there. See

*Allegiant Physicians Servs. v. Sturdy Mem'l Hosp.,* 926 F. Supp. 1106, 1124 (N.D. Ga. 1996).

Furthermore, the Lender can pursue its claims against the Defendants in another appropriate forum, namely North Carolina . The Court's assumption of jurisdiction over the Defendants in this matter would allow the Lender to prosecute its suit in its choice of forum, even though the Lender can obtain the same or similar relief in Kansas without imposing the same burdens upon the Defendants. The interest of the interstate judicial system in obtaining the most efficient resolution of the dispute weighs in favor of dismissing the Defendants. Dismissal of the Defendants with no contacts with Georgia will not hinder the efficient resolution of the issues between the remaining parties. Exercising personal jurisdiction over non-resident individuals with no regular or systematic personal contacts with the forum negatively impacts each state's protection of its residents.

## IV.    CONCLUSION:

The Lender has completely failed to provide any basis for personal jurisdiction over the Defendants in the Federal District Court for the Northern District of Georgia, or any other court in this state.   Not only is there no basis to find jurisdiction over any of the Defendants under the Georgia Long Arm Statute, even if there was, minimum contacts do not exist for specific jurisdiction, let alone general jurisdiction.  The facts before the Court here are nearly identical to

those in Big State Tire where this Court dismissed the Lender's claims against those defendants. Therefore, for the reasons set forth above, this Court must dismiss the Lender's claims against the Defendants.

Respectfully submitted this 25th day of November 2020.

/s/ Andrew J. Becker
David J. Merbaum
Email: dmerbaum@mbpclaw.com
Georgia Bar No. 006700
Andrew J. Becker
Email: abecker@mbpclaw.com
Georgia Bar No. 142595
**Attorneys for Defendants**

Merbaum & Becker, P.C.
5755 North Point Parkway, Suite 284
Alpharetta, Georgia 30022
Telephone: (678) 393-8232
Facsimile: (678) 393-0410

## CERTIFICATE OF COMPLIANCE

Pursuant to LR 7.1(D), the undersigned counsel hereby certify that the foregoing Memorandum of Law has been prepared in Times New Roman 14 point, one of the fonts and points approved by LR 5.1(B).


Respectfully submitted this 25th day of November 2020.

/s/ Andrew J. Becker
David J. Merbaum
Email: dmerbaum@mbpclaw.com
Georgia Bar No. 006700
Andrew J. Becker
Email: abecker@mbpclaw.com
Georgia Bar No. 142595
**Attorneys for Defendants**

Merbaum & Becker, P.C.
5755 North Point Parkway, Suite 284
Alpharetta, Georgia 30022
Telephone:  (678) 393-8232
Facsimile:   (678) 393-0410

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IOU CENTRAL,  INC. d/b/a | ) | |
| IOU  FINANCIAL, INC. | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | CIVIL ACTION FILE NO. |
| v. | ) | 1:20-CV-04270-MHC |
| | ) | |
| PREMIER METALS | ) | |
| RECOVERY LLC, | ) | |
| DAVID RAY PACE | ) | |
| LYNN RAWL PACE | ) | |
| | ) | |
|     Defendants. | ) | |
| ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯ | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that I have served the foregoing **MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(2)** was electronically filed using the Court's ECF system and that the below-listed counsel are ECF users and will be served via the ECF System:

Paul G. Wersant
3245 Peachtree Parkway, Suite D-245
Suwanee, Georgia 30024

Respectfully submitted this 25th day of November 2020.

/s/ Andrew J. Becker
David J. Merbaum
Email: dmerbaum@mbpclaw.com
Georgia Bar No. 006700
Andrew J. Becker
Email: abecker@mbpclaw.com
Georgia Bar No. 142595
**Attorneys for Defendants**

Merbaum & Becker, P.C.
5755 North Point Parkway, Suite 284
Alpharetta, Georgia 30022
Telephone:  (678) 393-8232
Facsimile:  (678) 393-0410