# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| IOU CENTRAL, INC. d/b/a ) <br> IOU FINANCIAL, INC. ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> PREMIER METALS ) <br> RECOVERY LLC, ) <br> DAVID RAY PACE ) <br> LYNN RAWL PACE ) <br> ) <br> Defendants. ) <br> ) | CIVIL ACTION FILE NO. <br> 1:20-CV-04270-MHC |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' 2nd MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(2)

COME NOW Defendants Premier Metals Recovery, LLC, David Ray Pace, and Lynn Rawl Pace (collectively the "Defendants"), by and through their undersigned counsel, and file this Memorandum of Law in Support of their 2nd Motion to Dismiss for Lack of Personal Jurisdiction and state as follows:

Plaintiff IOU Central, Inc. d/b/a IOU Financial, Inc.'s ("Plaintiff") Amended Complaint (the "Complaint") does cure any of the jurisdictional defects present in the Plaintiff's original complaint. As such, Defendant's incorporate by reference the arguments asserted in their original Motion to Dismiss for Lack of Personal Jurisdiction (the "Original Motion"), which was

filed on November 25, 2020. A full and accurate copy of which, including the associated declarations, is attached hereto as Exhibit "1".[1] In addition, Defendants assert the following additional argument.

1. PLAINTIFF'S FAILURE TO INTRODUCE COPIES OF THE LOAN DOCUMENTS INTO THE RECORD PREVENTS THIS COURT FROM CONSIDERING THE ALLEGED FORUM SELECTION CLAUSES CONTAINED THEREIN.

"When a defendant raises through affidavits, documents or testimony a meritorious challenge to personal jurisdiction, the burden shifts to the plaintiff to prove jurisdiction by affidavits, testimony or documents." *Sculptchair, Inc. v. Century Arts, Ltd.,* 94 F.3d 623, 627 (11th Cir. 1996). In the case *sub judice*, the Defendants have asserted a meritorious challenge to personal jurisdiction through their arguments in the Original Motion. The Plaintiff has failed to provide any evidence that the loan documents in question include valid and enforceable forum selection clauses. In the Amended Complaint, the Plaintiff quotes the alleged forum selection clause language; however these quotations are not the equivalent of the affidavits, testimony or documents required to refute the Defendants' challenge. *See id.*

---

1   Incorporation by reference is specifically allowed pursuant to Federal Rule of Civil Procedure 10(c) and Local Rule 15.1.

2. CONCLUSIONS.

The Plaintiff has completely failed to provide any basis for personal jurisdiction over the Defendants in the Federal District Court for the Northern District of Georgia, or any other court in this state. Not only is there no basis to find jurisdiction over any of the Defendants under the Georgia Long Arm Statute, even if there was, minimum contacts do not exist for specific jurisdiction, let alone general jurisdiction. The facts before the Court here are nearly identical to those in Big State Tire where this Court dismiss the Plaintiff's claims against those defendants. Therefore, for the reasons set forth above, this Court must dismiss the Plaintiff's claims against the Defendants.

Respectfully submitted this 24th day of December 2020.

/s/ Andrew J. Becker
David J. Merbaum
Email: dmerbaum@mbpclaw.com
Georgia Bar No. 006700
Andrew J. Becker
Email: abecker@mbpclaw.com
Georgia Bar No. 142595
**Attorney for Defendants**

Merbaum & Becker, P.C.
5755 North Point Parkway, Suite 284
Alpharetta, Georgia 30022
Telephone: (678) 393-8232
Facsimile: (678) 393-0410
pwersant@gmail.com

## **CERTIFICATE OF COMPLIANCE**

Pursuant to LR 7.1(D), the undersigned counsel hereby certify that the foregoing pleading has been prepared in Times New Roman 14 point, one of the fonts and points approved by LR 5.1(B).

Respectfully submitted this 24th day of December 2020.

                                        /s/ *Andrew J. Becker*
                                        David J. Merbaum
                                        Email: dmerbaum@mbpclaw.com
                                        Georgia Bar No. 006700
                                        Andrew J. Becker
                                        Email: abecker@mbpclaw.com
                                        Georgia Bar No. 142595
                                        **Attorneys for Defendants**

Merbaum & Becker, P.C.
5755 North Point Parkway, Suite 284
Alpharetta, Georgia 30022
Telephone:  (678) 393-8232
Facsimile:   (678) 393-0410

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| IOU CENTRAL, INC. d/b/a ) | |
| IOU FINANCIAL, INC. ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION FILE NO. |
| v. ) | 1:20-CV-04270-MHC |
| ) | |
| PREMIER METALS ) | |
| RECOVERY LLC, ) | |
| DAVID RAY PACE ) | |
| LYNN RAWL PACE ) | |
| ) | |
| Defendants. ) | |
| ) | |

## CERTIFICATE OF SERVICE

I hereby certify that I have served the foregoing **MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' 2nd MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(2)** by electronically filing with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification to the served via the ECF System:

Paul G. Wersant
3245 Peachtree Parkway, Suite D-245
Suwanee, Georgia 30024

5

Respectfully submitted this 24th day of December 2020.

/s/ Andrew J. Becker
David J. Merbaum
Email: dmerbaum@mbpclaw.com
Georgia Bar No. 006700
Andrew J. Becker
Email: abecker@mbpclaw.com
Georgia Bar No. 142595
**Attorneys for Defendants**

Merbaum & Becker, P.C.
5755 North Point Parkway, Suite 284
Alpharetta, Georgia 30022
Telephone:  (678) 393-8232
Facsimile:   (678) 393-0410